UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNN J. STROMBERG, M.D., <br><br> Plaintiff, <br><br> v. <br><br> UNITED MEDICAL SERVICES LLC, a Maryland limited liability company, JOHN DOES 1 through 10, <br><br> Defendants. | Case No. 4:25-cv-00465-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Lynn J. Stromberg, M.D.'s motion to remand this case to state court. Dkt. 17. For the reasons explained below, Defendant United Medical Services LLC has failed to show that the amount in controversy in this matter exceeds $75,000, as required for federal diversity jurisdiction. The Court will thus grant the motion and remand the case to state court.

## BACKGROUND

### 1. Factual Background

Stromberg is an orthopedic spine surgeon in Idaho, and he uses United Medical for his billing. *Stromberg Decl.* at 1, Dkt. 18-1 at 1. Dissatisfied with

MEMORANDUM DECISION AND ORDER - 1

United Medical's work, Stromberg sued in Idaho state court, alleging that United Medical breached express and implied contracts between them. *Compl.* at 4-5, Dkt. 1-2 at 5-6. He also sought an accounting of all funds billed, received, and remitted to and for him "to uncover the full extent of the financial discrepancies to provide [him] an appropriate remedy." *Compl.* at 5-6, Dkt. 1-2 at 6-7. In addition, he requested $2,500 in attorneys fees, if his case were uncontested, and such fees in an amount to be determined by the court if it were contested. *Compl.* at 6-7, Dkt. 1-2 at 7-8.

United Medical removed the case to federal court based on diversity jurisdiction. *Notice of Rem.*, Dkt. 1. In doing so, United Medical asserted that the parties were residents of different states and that the amount in controversy exceeded $75,000. *Notice of Rem.* at 2-3, Dkt. 1 at 2-3. To support the amount in controversy claim, United Medical filed a declaration from Andrew Komiske, the sole member of that company. *Komiske Decl.*, Dkt. 1-5. He stated that over the preceding four years, United Medical billed approximately $6,499,321 for Stromberg and that roughly $520,662 was "open," meaning it had not been paid. *Komiske Decl.*, Dkt. 1-5.

MEMORANDUM DECISION AND ORDER - 2

## LEGAL STANDARD

Removal from state court is governed by 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Section 1332 provides that where the parties are diverse, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs . . . ." Section 1441 authorizes removal of civil actions from state court to federal court when the action could have been brought in federal district court. *Audette v. ILWU*, 195 F.3d 1107, 1111 (9th Cir. 1999) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (modification in original). Federal courts strictly construe the removal statute against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In diversity cases where the amount in controversy is in doubt, the defendant has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. This burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement of $75,000 or, if the amount claimed is unclear from the complaint, the defendant proves by a preponderance of the evidence that "more likely than not" the jurisdictional requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant is required to make this showing using summary-judgment-type evidence. *Fritsch v. Swift Transp. Co. of Ariz., LLC*,

899 F.3d 785, 795 (9th Cir. 2018). The Ninth Circuit has explained that the "more likely than not" standard strikes an appropriate balance between the plaintiff's right to choose the forum and the defendant's right to remove. *See id.* at 795-96. To determine whether the defendant has proved that the amount in controversy has been met, courts should consider (1) the petition for removal and (2) later-filed opposition and affidavits. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). Relief which may be included in the amount in controversy includes (1) compensatory damages, (2) punitive damages, (3) value of injunctive relief, and (4) attorney's fees. *Fritsch*, 899 F.3d at 793.

## ANALYSIS

As an initial matter, the amount in controversy is unclear from the complaint. *See* Dkt. 1-2 at 2-9. The complaint does reveal, however, that Stromberg seeks an accounting, which is an equitable remedy for ascertaining "a party's interest in property and to determine the value of the party's interest." *Cox v. Cox*, 138 Idaho 881, 885 (2003). The value of the request for an accounting is unknown because it is premised on the plaintiff's inability to determine how much money, if any, is due. *Brosious v. JP Morgan Chase Bank, N.A.*, 2015 WL 5173063, at *3-4 (E.D. Cal. Sept. 2, 2015). Thus, an action for an accounting does not place any amount in controversy because it is "not reducible to a monetary

MEMORANDUM DECISION AND ORDER - 4

statement." *See Sierp v. DeGreen Partners LP*, 2015 WL 464338, at *3 (D. Ariz. Feb. 4, 2015). On its own then, an accounting is insufficient to satisfy the amount in controversy requirement. *McGregor v. Lincoln Nat'l Corp.*, 2006 WL 8455559, at *3 (S.D. Cal. Apr. 25, 2006).

This is true even where, as here, the value of the items subject to the accounting exceed $75,000, because the accounting could reveal "no evidence of wrongdoing in the records," and thus "th[e] action may end with the inspection." *Sierp*, 2015 WL 464338, at *2. So the simple fact that $520,662 of Stromberg's billing has not been paid, and is thus the likely subject of an accounting, does not satisfy the amount in controversy requirement. *Komiske Decl.*, Dkt. 1-5.

Stromberg's two other causes of action—breach of implied and express contracts—do not satisfy that requirement either. *Compl.* at 4-5, Dkt. 1-2 at 5-6. For one thing, Stromberg does not identify any amount in controversy for those claims. *See Compl.*, Dkt. 1-2. For another, those claims are premised on the accounting: if it does not reveal any breach of contract by United Medical, Stromberg may not pursue those claims at all. *See Sierp*, 2015 WL 464338, at *2 ("If Plaintiffs find no evidence of wrongdoing in the records, this action may end with the inspection. If Plaintiffs find evidence of wrongdoing, the inspection could result in civil claims that are worth more than $75,000."). The amount in

**MEMORANDUM DECISION AND ORDER - 5**

controversy here is therefore speculative.[1] *See id*. Given that United Medical bears the burden of satisfying the amount in controversy requirement and that the removal statute is to be strictly construed against removal, the Court grants Stromberg's motion to remand.

Finally, Stromberg asks that the Court require United Medical to pay his attorneys' fees and costs incurred in bringing the motion to remand. *Motion to Remand* at 2, Dkt. 17 at 2. The Court has discretion to award such fees and costs. 28 U.S.C. § 1447. The critical question is the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Typically, "only where the removing party lacked an objectively reasonable basis for seeking removal" will the Court grant fees and costs. *Id*. Here, United Medical identified an amount of unpaid bills exceeding the amount in controversy threshold. *Komiske Decl.*, Dkt. 1-5. It was reasonable for United Medical to then argue that it had met the jurisdictional requirement, even if this argument was unsuccessful. The Court

---

[1] Attorneys' fees are to be included in calculating the amount in controversy, and here Stromberg seeks $2,500 in such fees if the matter is uncontested and, in an amount to be calculated by the court if it is contested. *Compl.* at 6-7, Dkt. 1-2 at 7-8. United Medical does not argue that the attorneys' fees Stromberg seeks bring the amount in controversy over the $75,000 threshold, nor could it, as $2,500 is far short of the mark and any other amount would be completely speculative. *See Gaus*, 980 F.2d at 567 (remanding where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]") (internal quotation marks omitted).

thus denies Stromberg's request for fees and costs.

## ORDER

**IT IS ORDERED:**

In accordance with the Memorandum Decision provided above,

IT IS ORDERED that the Plaintiff's Motion to Remand to State Court under to 28 U.S.C. § 1447(c) (Dkt. 17) is GRANTED.

IT IS FURTHER ORDERED that this case be remanded to the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County, under 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the Clerk mail a certified copy of this Order to the Clerk of the Seventh Judicial District of the State of Idaho, Bonneville County, in accordance with 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the Clerk close this case.

DATED: February 4, 2026

_____
B. Lynn Winmill
U.S. District Court Judge